UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARVION GOULD,** <br> **VICTORIA WILLIAMS, and** <br> **JANAI WILSON** <br><br> **Plaintiffs** <br><br> v. <br><br> **G.A.T. AIRLINE GROUND SUPPORT, INC.** <br><br><br> **Defendant** | CIVIL ACTION NO.: <br><br> DISTRICT JUDGE: <br><br> MAG. JUDGE: <br><br> SECTION: |

## COMPLAINT FOR DAMAGES

This Complaint for FLSA Retaliation and Whistleblower Protection Violations filed by Jarvion Gould, Victoria Williams, and Janai Wilson, against G.A.T. Airline Ground Support, Inc., sets forth as follows:

1. Made defendant herein is G.A.T. Airline Ground Support, Inc. ("GAT"), an Alabama-domiciled corporation authorized to do business in Louisiana.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this is a dispute invokes federal law, specifically, the Fair Labor Standards Act, at 29 U.S.C. § 201, *et seq*.

3. Venue is appropriate in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2), because it is the judicial district where a substantial part of the events or omissions giving rise to this claim occurred.

1

## GENERAL FACTUAL ALLEGATIONS

4. GAT is a corporation engaged in the business of providing ramp services, staffing, loading, and other services to Spirit Airlines at Louis Armstrong New Orleans International Airport, in New Orleans, Louisiana. Prior to March 1, 2020, GAT hired Jarvion Gould, Victoria Williams, and Janai Wilson as W2 employees to work as ramp agents in the New Orleans Airport. At all relevant times, Jarvion Gould earned $11.00/hour from GAT, Janai Wilson earned $11.00/hour from GAT, and Victoria Williams earned $11.00/hour from GAT. At all relevant times, GAT was the plaintiffs' employer, and the plaintiffs were covered employees, as defined in the Fair Labor Standards Act.

5. On a date on or about March 16, 2020, local and national quarantines began to go into effect related to the COVID-19 pandemic. As a result of the COVID-19 pandemic, GAT furloughed most of their employees at the New Orleans Airport, including Jarvion Gould, Victoria Williams, and Janai Wilson in early-April, 2020.

6. GAT representatives called Jarvion Gould and Janai Wilson on or about June 26, 2020, on which date they returned to work at GAT in the same capacity as their former employment.

7. On June 26, 2020, Jarvion Gould and Janai Wilson were advised by GAT operations manager David Velez that they would be expected to work a full schedule, but would have to clock out, and consequently not be paid, for all hours over 10-hours per week. David Velez explained this method of clocking in for reduced hours would permit Jarvion Gould and Janai Wilson to continue to collect unemployment insurance, which they had received for a period of time during the COVID-19 pandemic after their furlough from GAT.

8. Jarvion Gould and Janai Wilson explained to Mr. Velez that they would not work for free, and they expected to be paid their full wages for all hours worked. As a result of their pushback, Ms. Gould and Ms. Wilson were spoken to by Chaz Banks and Perry Guitroz, who are also managers at GAT, who explained their "work-for-free" plan would benefit Ms. Gould and Ms. Wilson because they could continue to draw unemployment illegally.

9. On July 7, 2020, Ms. Gould and Ms. Wilson informed their GAT supervisors they would clock in for all hours worked, and would not participate in the "work-for-free" plan. As a result, Ms. Gould and Ms. Wilson were immediately removed from the work schedule and effectively terminated. To date they have not been reactivated. As a consequence, Ms. Gould and Ms. Wilson have been out of work since July 7, 2020, as a direct result of their unwillingness to work for free and make up the lost income through unemployment fraud.

10. Before they were removed from the schedule on July 7, 2020, Jarvion Gould worked 3 unpaid hours, for total unpaid wages of $33.00, and Janai Wilson worked 5 unpaid hours, for total unpaid wages of $55.00.

11. GAT representatives called Victoria Williams on or about June 30, 2020, on which date she returned to work at GAT in the same capacity as her former employment.

12. On or about June 30, 2020, Ms. Williams was told by GAT managers Mata Rivera and Chaz Banks that she could only clock in for part of the time she was working, and would only be paid the time she clocked in, but was expected to work a full shift.

13. Ms. Williams worked 8 five-hour shifts per week for four weeks from June 30 – July 29, 2020, but was not paid for most hours worked. During that time period, Ms. Williams worked approximately 146.28 unpaid hours, for $1,609.08 in unpaid wages. Ms. Williams refused to continue working unpaid, and advised Perry Guitroz she would only work if she was allowed to

clock in full time. Mr. Guitroz told her she could not come back to work in that case. Ms. Williams was written up twice for refusing to work if she was not permitted to clock in, and before she was finally removed from the schedule, her work schedule was altered by management to schedule her on more difficult days.

14. As a consequence of her constructive termination from GAT, Ms. Williams has been out of work since July 29, 2020.

## COUNT I:
### Retaliation in Violation of Fair Labor Standards Act

15. Plaintiffs incorporate paragraphs 1 – 14 as if stated in full herein.

16. Ms. Gould, Ms. Williams, and Ms. Wilson were salaried employees of GAT who faithfully performed her duties under their terms of employment with GAT as requested and required by GAT.

17. Between June 26 and July 7, 2020, Ms. Gould and Ms. Wilson made complaints to their supervisors at GAT, David Velez, Perry Guitroz, and Chaz Banks that they had not been paid wages for hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay them their full earned salary including overtime wages. Further, between June 30 and July 29, 2020, Ms. Williams made complaints to her supervisors at GAT, Mata Rivera, Perry Guitroz, and Chaz Banks that she had not been paid wages for hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay her full earned salary including overtime wages. Ms. Gould, Ms. Williams, and Ms. Wilson's complaints are protected activity under the FLSA.

18. As a result of Ms. Gould, Ms. Williams, and Ms. Wilson's complaints, they were removed from the schedule at GAT, resulting in a constructive termination (although they were not formally fired). GAT removed Ms. Gould, Ms. Williams, and Ms. Wilson from the schedule

as punishment for their refusal to participate in the work-for-free plan and their complaints regarding unpaid wages, which constitutes adverse employment actions by GAT.

19. GAT's adverse employment acts against Ms. Gould, Ms. Williams, and Ms. Wilson were done with malice or with reckless indifference to Plaintiffs' federally protected rights. Ms. Gould, Ms. Williams, and Ms. Wilson are therefore entitled to recover attorney fees and related expenses incurred pursuant to 29 U.S.C.A. § 216(b).

## COUNT II:
### Violation of Louisiana Employee Protection under La. R.S. 23:967

20. Plaintiffs incorporate paragraphs 1 – 19 as if stated in full herein.

21. GAT has violated Ms. Gould and Ms. Wilson's whistleblower rights by discriminating against them because they informed the Louisiana Department of Labor and the Louisiana Workforce Commission of the work-for-free plan in July 2020, in violation of Louisiana state whistleblower protections, La. R.S. 23:967(A)(3)).

22. On or about July 30, 2020, GAT was aware that Ms. Gould and Ms. Wilson informed the Louisiana Department of Labor and the Louisiana Workforce Commission that GAT was of the work-for-free scheme in July 30, 2020, as well as media personnel with WVUE in New Orleans.

23. As a consequence for Ms. Gould and Ms. Wilson reporting the scheme at GAT, they were not permitted to return to work, and subsequently received threatening messages from GAT management.

24. Ms. Gould and Ms. Wilson gave specific notice to GAT that their actions during June and July 2020 were in violation United States and Louisiana laws against minimum wage, and unemployment fraud.

25. Ms. Gould and Ms. Wilson refused to participate in the prohibited practice and disclosed the practice to the Louisiana Department of Labor and the Louisiana Workforce Commission.

26. As a result of Ms. Gould and Ms. Wilson's disclosure of the unlawful practice at GAT, they were constructively terminated on or about July 7, 2020, and subsequently kept out of work by GAT's refusal to put them back on the schedule.

27. GAT was put on notice of these claims, and the bases thereof, by mail on September 21, 2020.

28. As a result of their termination for disclosure of illegal activities, Ms. Gould and Ms. Wilson are entitled to recover compensatory damages, back pay, benefits, reinstatement, attorney fees, and court costs resulting from the reprisal.

WHEREFORE, JARVION GOULD, VICTORIA WILLIAMS, AND JANAI WILSON, prays that defendant G.A.T. AIRLINE GROUND SUPPORT, INC., be served with this Complaint and Summons, and that, after proceedings are had, that there be judgment entered awarding the Plaintiffs back pay, and any other appropriate relief necessary to make Plaintiffs whole and to compensate Plaintiffs for the legal violations described above; awarding the Plaintiffs liquidated damages; awarding the Plaintiffs punitive damages; awarding the Plaintiffs attorney fees and costs of this action; and awarding the Plaintiffs such other legal and equitable relief as this court deems just and proper.

**Respectfully Submitted,**

**BRUNO AND BRUNO, LLP**

*/s/ Daniel A. Meyer*
Joseph M. Bruno (La. Bar No. 3604)
Daniel A. Meyer (La. Bar No. 33278)
855 Baronne Street

New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com
       dmeyer@brunobrunolaw.com